UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ZIAD ARAFAT ALAMMANI,<br><br>        Plaintiff,<br><br>            v.<br><br>NORFOLK COUNTY CORRECTIONAL FACILITY,<br><br>        Defendant. | CIVIL ACTION<br>NO. 16-12440-WGY |

MEMORANDUM AND ORDER

YOUNG, D.J.                                          December 22, 2016

For the reasons set forth below, the Court directs the plaintiff to file an amended complaint.

## I.   Background

On November 30, 2016, pro se litigant Ziad Arafat Alammani ("Alammani"), who claims that his true identity is Iscandar Maax, filed a complaint under 42 U.S.C. § 1983.  He names the Norfolk County Correctional Facility, where he is incarcerated, as the sole defendant.

The complaint is sixty-four pages long, most of which consist only of single-spaced handwritten text.  The pleading is difficult to understand, but the overall thrust appears to be that the plaintiff is falsely incarcerated because of mistaken identify.  The plaintiff paid the $400 filing fee.

## II. Discussion

Uunder 28 U.S.C. § 1915A, prisoner complaints in civil actions that seek redress from a governmental entity or officers or employees of a governmental entity are also subject to

screening. This statute authorizes a federal court to dismiss a complaint sua sponte if the claims therein are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b). In conducting this review, the Court liberally construes the complaint because the plaintiff is proceeding pro se. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

A. **Challenge to the Validity of Confinement**

Here, Alammani has failed to state a claim upon which relief may be granted. To the extent he challenges the legality of his conviction and incarceration, he must proceed in habeas corpus. "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus . . . ." Muhammad v. Close, 540 U.S. 749, 750 (2004) (per curiam); see also Wilkinson v. Dotson, 544 U.S. 74, 81 (2005) (in a series of Supreme Court decisions, "the Court has focused on the need to ensure that state prisoners use only habeas corpus (or similar state) remedies when they seek to invalidate the duration of their confinement—either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody"). Under federal statute, a litigant must exhaust available state court remedies before he may seek habeas corpus relief in a federal court. See 28 U.S.C. § 2254(b).

Although Alammani couches his claim as one of mistaken

2

identity and a request to correct a record to reflect his true
identity, at its heart, the his claim is one challenging the
validity of his confinement.

### B.   Other Claims

To the extent that Alammani plaintiff is not challenging the
validity of his confinement, the plaintiff has failed to state a
claim upon which relief may be granted because the complaint does
not meet the requirements of Rule 8(a)(2) of the Federal Rules of
Civil Procedure ("Rule 8(a)(2)").  Under this rule, a complaint
must include "a short and plain statement of the claim showing
that the pleader is entitled to relief."  Fed. R. Civ. P.
8(a)(2).  At a minimum, the complaint must "give the defendant
fair notice of what the plaintiff's claim is and the grounds upon
which it rests."  Calvi v. Knox County, 470 F.3d 422, 430 (1st
Cir. 2006) (quoting Educadores Puertorriqueños en Acción v.
Hernández, 367 F.3d 61, 66 (1st Cir.  2004)).  Although the
requirements of Rule 8(a)(2) are minimal, "minimal requirements
are not tantamount to nonexistent requirements."  Id. (quoting
Gooley v. Mobil Oil Corp., 851 F.2d 513, 514 (1st Cir. 1988)).

Here, Alammani has failed to provide a short and plain
statement of his claim.  Although the Court can discern within
the pleading the theme of mistaken identity (which, for the
reasons stated above, cannot be raised in federal court in a non-
habeas civil action), the complaint is drafted such that no other
claim is apparent.  If the plaintiff is attempting to additional
claims for relief, they elude comprehension and therefore do not

3

constitute a "short and plain statement of the claim."

### C.    Filing of an Amended Complaint

If Alammani would like to bring a claim other than one explicitly or implicitly challenging the fact or duration of his confinement, he must file an amended complaint that meets the requirements of Rule 8(a)(2).  Any amended complaint must also comply with other provisions of the Federal Rules of Civil Procedure that are applicable to the drafting of a pleading. Under Fed. R. Civ. P. 10, "[t]he title of the complaint must name all the parties."  Fed. R. Civ. P. 10(a).  The claims in a complaint must be set forth "in numbered paragraphs, each limited as far as practicable to a single set of circumstances."  Fed. R. Civ. P. 10(b).  Further, where a plaintiff brings claims against more than one defendant in a single lawsuit, the claims must be limited to those "arising out of the same transaction, occurrence, or series of transactions or occurrences."  Fed. R. Civ. P. 20(a)(2)(A).  Finally, the Court notes that the Norfolk County Correctional Facility is merely a building and therefore cannot be sued.

### ORDER

If Alammani wishes to pursue this action, he must file an amended complaint within 42 days of the date of this order.  The amended complaint must comply with the above-discussed requirements for a pleading.  Failure to comply with this action will result in dismissal of this action for failure to state a claim upon which relief may be granted.

4

SO ORDERED.

                              /s/ William G. Young
                              WILLIAM G. YOUNG
                              UNITED STATES DISTRICT JUDGE